# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# HARTFORD DIVISION

| | |
|---|---|
| In re: | Chapter 13 |
| Gordon Alexander Clark, | Case No. 23-20642 |
| Debtor. | Re: ECF Nos. 22, 23 |

### MEMORANDUM OF DECISION GRANTING SANTANDER BANK, N.A.'S MOTION FOR RELIEF FROM AUTOMATIC STAY

Before the Court is the Motion for Relief from Automatic Stay ("Motion," ECF No. 22) filed by Santander Bank, N.A. ("Santander") on October 17, 2023. In the Motion, Santander seeks relief from the automatic stay under 11 U.S.C. § 362(d)(1) and, to the extent necessary, relief from the co-debtor stay under 11 U.S.C. § 1301(a) in order to exercise its nonbankruptcy rights and remedies with regards real property located at 70 Elm Street, Enfield, Connecticut ("Property"). The Debtor filed his Opposition (ECF No. 23) on October 31, 2023, in which he requested that the Motion be denied. The Court held a hearing on the Motion on December 21, 2023. The Court took the Motion under advisement but did grant limited interim stay relief to Santander to allow it to respond to the Debtor's petitions for certification and a writ of mandamus in the Connecticut Supreme Court ("Interim Order," ECF No. 43).[1] For the following reasons, the Motion is GRANTED.

---

[1] The Debtor objected to the Interim Order and moved this court to reconsider and rescind it (ECF Nos. 45, 53), which this Court overruled and denied (ECF No. 54). The Debtor has appealed this overruling and denial. The Debtor also filed an emergency motion to stay proceedings pending appeal (ECF No. 58), which the Court also denied (ECF No. 63).

> Under 11 U.S.C. § 362(d):
>
> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
> (1)    for cause, including the lack of adequate protection of an interest in property of such party in interest[.]

Besides the enumeration of lack of adequate protection, courts have also recognized "a debtor's lack of good faith in filing a petition for bankruptcy[,]" *Laguna Assocs. Ltd. P'ship v. Aetna Cas. & Sur. Co.*, 30 F.3d 734, 737 (6th Cir. 1994), and permitting litigation to conclude in another forum, *see generally In re Castlerock Props.*, 781 F.2d 159 (9th Cir. 1986), as cause to life the automatic stay.[2]

Here, the Court will leave for another day whether the Debtor commenced this bankruptcy case in bad faith.[3] But, despite the Debtor's protestations, the proper place to litigate Santander's right to payment and its right to foreclose is state court, especially given the procedural posture of the foreclosure action before the Connecticut Supreme Court. Cause thus exists to warrant stay relief under § 362(d)(1).[4] To the extent Santander seeks co-debtor stay relief under § 1301,

---

[2] Deferring to other forums is also among the factors considered by courts in the Second Circuit. *See In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990) (considering, among other things, "the interests of judicial economy and the expeditious and economical resolution of litigation" and "whether the parties are ready for trial in the other proceeding"). Most of the other enumerated factors are not relevant here.

[3] The tortured procedural history between the Debtor and Santander is detailed in the Court's Memorandum of Decision Granting Defendants' Motion to Dismiss Adversary Proceeding issued substantially simultaneously to this memorandum, and the Court incorporates that discussion here by reference. In short, the Debtor is using this bankruptcy case to thwart Santander's efforts to foreclose on the Property because he believes that Santander is trying to steal the Property and that he was denied his constitutional right to a jury trial in the foreclosure proceedings pending in the Superior Court. Regardless, what is undisputed is that Lillian J. Clark, the Debtor's deceased spouse, borrowed money from Santander and executed a note and mortgage memorializing in conjunction with that borrowing.

[4] At the December 21, 2023 hearing, Santander also cited § 362(d)(2) as grounds to grant stay relief. That subsection requires both that "the debtor does not have an equity in such property" and "such

ostensibly because the underlying foreclosure action was commenced against the Debtor's deceased spouse, cause exists to grant such relief for the same reasons expressed here.

The Motion is GRANTED. A separate order will enter.

IT IS SO ORDERED at Hartford, Connecticut this 11th day of January, 2024.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

---

property is not necessary to an effective reorganization[.]" Although the Debtor has refused to treat the note and mortgage—to which he is not a signatory—under his proposed Chapter 13 plan, it is not clear that he has no equity in the Property nor that such is not necessary to an effective reorganization.

3