**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In re: | Chapter 13 |
| Gordon Alexander Clark, | Case No. 23-20642 (JJT) |
| Debtor. | Re: ECF Nos. 57, 60, 71, 79 |

**MEMORANDUM OF DECISION AND ORDER**
**DENYING DEBTOR'S REQUEST FOR CERTIFICATION**

On January 5, 2024, the Debtor filed his Notice of Direct Appeal to the United States Court of Appeals for the Second Circuit and Request for Certification (ECF No. 57), the notice of which pertains to the Court's Order Overruling Debtor's Objection and Denying Motion to Reconsider and Rescind Order (ECF No. 54), which, in turn, pertained to the Court's Interim Order on Motion for Relief from Automatic Stay (ECF No. 43). After this filing, the Court issued a scheduling order (ECF No. 60) to allow for any responses to the request for certification. *See* Fed. R. Bankr. P. 8006(f)(3). Santander Bank, N.A. ("Santander") then filed a response on January 19, 2024 (ECF No. 79).

After the Court issued its Memorandum of Decision (ECF No. 64) and Order (ECF No. 65) granting Santander's Motion for Relief From Automatic Stay, the Debtor filed an Amended Notice of Direct Appeal to the United States Court of Appeals for the Second Circuit and Request for Certification (ECF No. 71) on

January 12, 2024.[1] In the Request, the Debtor purported to self-certify that the parameters listed in 28 U.S.C. § 158(d)(2)(A) were met to warrant a direct appeal to the Second Circuit. The Court disagrees and the Request is therefore DENIED.

> Under § 158(d)(2)(A):
>
> The appropriate court of appeals shall have jurisdiction of appeals described in the first sentence of subsection (a) if the bankruptcy court, the district court, or the bankruptcy appellate panel involved, acting on its own motion or on the request of a party to the judgment, order, or decree described in such first sentence, or all the appellants and appellees (if any) acting jointly, certify that—
> (i)  the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
> (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
> (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken;
> and if the court of appeals authorizes the direct appeal of the judgment, order, or decree.

Under the plain language of this statute, certification only happens if (1) the Court sua sponte does it; (2) the Court does on a party's motion; or (3) all of the affected parties jointly do so. Because neither (1) or (3) have occurred, the Court takes the Request to be a motion by the Debtor asking this Court to certify his appeal to the Second Circuit.[2]

---

[1] The Court refers to the requests for certification encompassed in the January 5 and 12, 2024 filings jointly as the "Request."

[2] Because the Court interprets the Request as a motion to this Court, only a majority of the appellants and majority of the appellees would be necessary for certification—but no appellee has requested certification. In fact, the only party in interest to respond to the Request asked for the Court to deny it.

Although the Debtor states in the Request that all three of the parameters spelled out in § 158(d)(2)(A) have been met, he provides no law or facts that would demonstrate that any of them have been met.[3] *See* Fed. R. Bankr. P. 8006(f)(2). Moreover, the Court finds that none of these circumstances has been met. Therefore, the Court has treated the Notice as a routine appeal to the District Court. *See In re Hephzibah*, No. 18-40381-KKS, 2020 WL 4000871, at *3 (Bankr. N.D. Fla. May 6, 2020).

The Request is DENIED.

IT IS SO ORDERED at Hartford, Connecticut this 22nd day of January, 2024.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

---

[3] The Debtor's incorporation of a brief, which he attaches to both versions of the Request, likewise does not demonstrate that any aspect of § 158(d)(2)(A) has been met.