**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION**

| | |
|---|---|
| In re:<br><br>Gordon Alexander Clark,<br><br>      Debtor. | Case No. 23-20642 (JJT)<br><br>Chapter 13<br><br>Re: ECF No. 70, 72, 91, 92 |
| Gordon Alexander Clark,<br><br>      Plaintiff,<br><br>v.<br><br>Santander Bank, N.A., Scott Powell, Timothy Wennes, Pierre Habis, Kenneth O'Neill, and John/Jane Doe(s),<br><br>      Defendants. | Adv. Pro. No. 23-02013 (JJT)<br><br>Re: ECF No. 37, 39 |

**MEMORANDUM OF DECISION AND ORDER
<u>DENYING DEBTOR'S MOTIONS TO RECUSE</u>**

Before the Court is the Debtor's emergency motion for this Court to recuse itself from these bankruptcy proceedings, which he filed in both the main case (ECF No. 70) and the adversary proceeding (AP ECF No. 37) (together, "Motions"). In the Motions, the Debtor argues—without citation to any pertinent authority—that this Court must voluntarily recuse itself based upon the Court's handling of hearings held on December 21, 2023, in this bankruptcy case and the related adversary proceeding. Chapter 13 Standing Trustee Roberta Napolitano and Santander Bank, N.A. ("Santander") have filed responses to the Motions (ECF Nos. 91, 92). The Court

held a hearing on the matters on February 1, 2024, at which the Debtor did not appear. At the hearing, the Court denied the Motions and indicated that a plenary decision would issue. This is that decision.

Although the Debtor does not cite it, his Motions are governed by 28 U.S.C. § 455, which provides in relevant part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances:
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]

"The discretion to consider disqualification rests with the [trial] judge in the first instance." *In re Certain Underwriter*, 294 F.3d 297, 302 (2d Cir. 2002). "The grounds asserted in a recusal motion must be scrutinized with care, and judges should not recuse themselves solely because a party claims an appearance of partiality." *Id.* (cleaned up). The Supreme Court has stated that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" and that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). This is true even if a court's remarks "are critical or disapproving of, or even hostile to, counsel, the parties, or their cases[.]" *Id.* With these factors in mind, the Court addresses each of the Debtor's criticisms in turn.

First, the Debtor argues that this Court falsely claimed to have absolute immunity. The Court made this comment in response to Attorney Higgins's statement that the Debtor might sue the Court at some point. December 21, 2023 Hearing Transcript ("Tr.," ECF No. 83) 43:4–8. Despite the Debtor's disagreement, he is well aware that judicial officers have immunity with regards to acts that are judicial in nature. *See Clark v. Conn.*, No. 23-cv-01527-SVN, ECF No. 19 (D. Conn. Dec. 8, 2023). The Court's merely stating that it has such immunity at the hearing is not grounds for disqualification.

Second, the Debtor argues that Attorney Higgins made certain inflammatory remarks about the Debtor and the Court did not admonish him. The Court is able to distinguish between facts and argument—regardless of how hyperbolic such argument may become. Further, such remarks, although they may have been piercing, were not in the opinion of the Court sanctionable. Such is not grounds for disqualification.

Third, the Debtor argues that the Court gave him unsolicited legal advice in its efforts to delineate established law and enhance his understanding of these proceedings. Specifically, he takes umbrage with the Court's statement that Attorney Higgins's argument could not be defamatory because they were made in the context of litigation and with the Court's admonishment that the Debtor did not "want to go down that road" when the Debtor expressed his disagreement with the first. Tr. 55:25–56:10. Whatever the Debtor's opinion of the litigation privilege, it is well established in Connecticut jurisprudence, with historical antecedents going

3

back to medieval England. *See generally Simms v. Seaman*, 308 Conn. 523, 69 A.3d 880 (2013). For the Court to point out such a settled proposition and to voice its skepticism over disagreement with it is hardly legal advice or inappropriate.

Fourth, the Debtor accuses this Court of inaccurately summarizing Attorney Higgins's arguments. *See* Tr. 56:17–23. The Court fails to see the inaccuracy in its summation, but if the Debtor thinks this Court is mistaken about any of the arguments made, his remedy is to appeal, not to seek this Court's recusal. *See Liteky*, 510 U.S. at 555.

Fifth, the Debtor argues that this Court prevented him from making certain arguments. *See* Tr. 57:25–59:21. But those arguments pertained to matters not on the hearing docket and therefore not properly before the Court at the December 21, 2023 hearing. As the Court explained in its January 3, 2024 order (ECF No. 54), the Debtor is simply mistaken about this Court's jurisdiction to grant stay relief and Santander's standing to seek it. The same is true of Santander's (and the Individual Defendants') right to seek dismissal of the adversary proceeding.[1] In essence, the Debtor disagrees with the Court's rulings in this regard and seeks to relitigate them. Such is not grounds for recusal.

---

[1] The Court has previously considered these arguments in the context of the Debtor's motion for default and motion for default judgment, which were both denied (and procedurally improper) (ECF Nos. 34, 46, 47, 48). The gravamen of the Debtor's argument is that Santander's failure to file a proof of claim or nondischargeability proceeding somehow means that it has failed to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, resulting in a loss of standing, which in turn resulted in this Court losing subject matter jurisdiction for mootness. But Santander did not file an adversary proceeding against the Debtor, so Rule 12(b)(6) has no application. Moreover, Santander's failure to file a proof of claim is easily explained in that the Debtor was not a signatory to the note and mortgage underlying the foreclosure action. It does not rob Santander of standing to seek stay relief to return to state court. Nor did it prevent Santander from seeking dismissal of an adversary proceeding *that was brought against it by the Debtor*.

Finally, the Debtor argues that the Court gave Santander and the Chapter 13 Trustee unsolicited legal advice in its inquiries about the relief sought in these matters. *See* Tr. 63:13–64:14. The Court does not give legal advice by asking parties in interest if they will be seeking alternative forms of relief or plan to supplement their moving papers consistent with the record in the case, both of which are routine in bankruptcy matters. In doing so, the Court was attempting to put all matters before it so that comprehensive and integrated decisions could be rendered based upon the record. Regardless, neither Santander nor the Chapter 13 Trustee filed any supplemental papers based upon the Court's inquiries prior to the Court issuing its Order to Show Cause (ECF No. 67).

All the Debtor's complaints are with this Court's rulings and remarks on evidence in the record, none of which are rooted in favoritism or antagonism but are firmly rooted in the law, the facts, and affording deliberate consideration of the appropriate remedies.[2] Recusal is therefore unwarranted, and the Motions are DENIED.

IT IS SO ORDERED at Hartford, Connecticut this 2nd day of February, 2024.

James J. Tancredi
United States Bankruptcy Judge
District of Connecticut

---

[2] As noted in Santander's response, the Debtor filed the Motions the day after the Court issued orders granting Santander stay relief and dismissing the adversary proceeding and not after the conclusion of the December 21, 2023 hearing. But the Debtor did file several other motions in the interim without raising any concern about the Court's ability to take them up. This timing further suggests that the Debtor's real gripe is not with the Court's remarks but with rulings unfavorable to his relitigation campaign. Neither is a basis to recuse here.