**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In re: | Chapter 13 |
| Gordon Alexander Clark, | Case No. 23-20642 (JJT) |
| Debtor. | Re: ECF Nos. 38, 41, 67, 87, 88, 89, 93 |

**MEMORANDUM OF DECISION AND ORDER**
**DENYING CONFIRMATION OF DEBTOR'S FIRST**
**AMENDED CHAPTER 13 PLAN WITHOUT LEAVE TO**
**AMEND AND DISMISSING CHAPTER 13 CASE WITH PREJUDICE**

Before the Court is the First Amended Chapter 13 Plan ("Plan," ECF No. 38) filed by the debtor, Gordon Alexander Clark ("Debtor"), along with the Court's Order to Show Cause ("Order," ECF No. 67). Roberta Napolitano, the Chapter 13 Standing Trustee ("Trustee"), has filed an objection to confirmation of the Plan ("Objection," ECF No. 41). For the reasons that follow, the Court SUSTAINS the Trustee's Objection and DENIES confirmation of the Plan. Because the Court also finds that the Debtor has filed this Chapter 13 case in bad faith, the Court will not afford leave to amend the Plan and dismisses this Chapter 13 with a two-year bar to refiling for any bankruptcy relief.

**I.    Background**

As detailed in the Court's Memorandum of Decision ("Memorandum," AP ECF No. 35) dismissing the adversary proceeding brought by the Debtor against Santander Bank, N.A. ("Santander") and some of its past and present employees, the Debtor filed this Chapter 13 case on August 15, 2023, for the purpose of

preventing the foreclosure by sale of certain property located at 70 Elm Street, Enfield, Connecticut, which was the property of the Debtor's deceased spouse and is currently being probated. Besides the pending foreclosure action, the Memorandum detailed the pained and redundant litigation history between the Debtor and Santander and its employees, whether in this court, the state courts, the District Court, or the Second Circuit.

In the Plan, the Debtor proposes to pay a total of $8,328.39 over 36 months for all claims he considers valid. The Claims Register in this case shows filed claims in the total amount of $23,564.78,[1] which includes $14,673.62 of student loan debt.[2] The Trustee's Objection enumerates several reasons why the Plan cannot be confirmed. Among the cited reasons are that the Plan does not conform to the filed claims, the Plan does not provide for a better recovery than would occur in a Chapter 7 liquidation, the Plan includes a nonstandard provision that the Plan will not be confirmed until the adversary proceeding is fully adjudicated through a jury trial,[3] and the Plan is not feasible based upon the Debtor's income and expenses.

The Court held a hearing on the Plan on December 21, 2023, at which the Debtor stated that he intended to pay all legitimate debts.[4] He also indicated that

---

[1] Santander has not filed a proof of claim in this case, ostensibly because the Debtor was not a signatory to the note and mortgage underlying the state foreclosure action.

[2] The Debtor has filed objections to Claims 1-1 and 3-2. Claim 1-1 is purportedly based upon past credit card debt. Claim 3-2 of the US Department of Education is based upon student loans the Debtor allegedly took out in the 1980s. Notably, the Debtor has not filed an adversary proceeding to have the student loan debt deemed dischargeable. *See* 11 U.S.C. § 523(a)(8); Fed. R. Bankr. P. 7001(6).

[3] The First Amended Plan also added the provision that the Plan could not be confirmed prior to the full adjudication of all pending state and federal lawsuits through any and all appeals.

[4] The Court also heard argument on the motions to dismiss the adversary proceeding and Santander's motion for relief from the automatic stay, both of which have been adjudicated.

he has family and friends who will help him pay his unsecured debts, reiterating that his reason for filing was to protect the home. After the hearing, the Court took the matter under advisement.

On January 12, 2024, the Court issued the Order, ordering the Debtor to show cause as to why this bankruptcy case should not be dismissed as a bad faith filing with a bar to refiling. Per the Court's Order, the Debtor, Santander, and the Trustee filed responsive papers on January 26, 2024 (ECF Nos. 87, 88, 89).[5] The Court issued a supplemental order regarding the Order on January 29, 2024 (ECF No. 93).[6] On February 1, 2024, the Court held a hearing, at which the Debtor did not appear, and took the matter under advisement.[7]

## II.  Discussion

"The principal purpose of the Bankruptcy Code is to grant a fresh start to the honest but unfortunate debtor." *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 367 (2007).

> Chapter 13 [of the Bankruptcy Code] allows a debtor to retain his property if he proposes, and gains court confirmation of, a plan to repay his debts over a three- to five-year period. Payments under a Chapter 13 plan are usually made from a debtor's future earnings or other future income. Accordingly, the Chapter 13 estate from which creditors may be

---

[5] The Debtor's response also requested that this Court reconsider and rescind the Order under Rule 60(b) of the Federal Rules of Civil Procedure. The Order is not a final judgment within the purview of Rule 60(b) and there is thus nothing to reconsider.

[6] The supplemental order was issued to address the Debtor's contention in his response to the Order that he did not have a sufficient understanding of the bases for possible dismissal of his Chapter 13 case. Despite the Court's skepticism (noted in the supplemental order), it allowed him to file supplemental papers regarding the Order; however, the Debtor filed no additional papers in response to the supplemental order.

[7] Per its statement at the February 1, 2024 hearing, the Court again takes judicial notice of the dockets of the main case and adversary proceeding, along with all dockets in the Connecticut state courts, District Court, and Second Circuit pertaining to the Debtor.

> paid includes both the debtor's property at the time of his bankruptcy petition, and any wages and property acquired after filing.

*Harris v. Viegelahn*, 575 U.S. 510, 514 (2015) (cleaned up). In order to confirm the Debtor's Chapter 13 Plan, the Court must be assured that, among other things, the Plan complies with the Bankruptcy Code and has been proposed in good faith, unsecured claims will recover at least what they would in a Chapter 7, the Debtor will be able to make plan payments, and the Debtor filed his bankruptcy petition in good faith. 11 U.S.C. § 1325(a)(1), (3), (4), (6), (7). Moreover, to even qualify as a Chapter 13 debtor, the Debtor must have regular income. 11 U.S.C. § 109(e). Absent these requirements, the question becomes what to do with the case.

Upon a showing of cause, the Court may dismiss a Chapter 13 case. 11 U.S.C. § 1307(c).[8] Included in this definition of cause is "unreasonable delay by the debtor that is prejudicial to creditors" and "denial of confirmation of a plan . . . and denial of a request made for additional time for filing another plan[.]" *Id.*, § 1307(c)(1), (5). "Bankruptcy courts [also] routinely treat dismissal for prepetition bad-faith conduct as implicitly authorized by the words 'for cause,'" *Marrama*, 549 U.S. at 373.

In determining whether a debtor has pursued actions in a case that would warrant conversion or dismissal for lack of good faith, a court must review the totality of the circumstances. *In re Lin*, 499 B.R. 430, 435 (Bankr. S.D.N.Y. 2013);

---

[8] The Court's ability to do so absent a motion from a party in interest or the United States Trustee is through 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."). In any event, both Santander and the Trustee in their responses to the Order have asked this Court to dismiss the case with a two-year bar.

*see also In re Leavitt*, 171 F.3d 1219, 1224 (9th Cir. 1999). "The totality of the circumstances should take into consideration whether the debtor has abused the 'provision, purpose or spirit' of the Bankruptcy Code and whether the filing is 'fundamentally fair' to creditors." *In re Armstrong*, 409 B.R. 629, 634 (Bankr. E.D.N.Y. 2009) (citing *In re Love*, 957 F.2d 1350, 1357 (7th Cir. 1992)). "Where a party calls into question a debtor's good faith and meets their initial burden of showing cause for dismissal, the burden shifts to the debtor to prove [his] good faith." *In re Ciarcia*, 578 B.R. 495, 500 (Bankr. D. Conn. 2017).

Here, the Debtor is not seeking a fresh start; he is seeking to relitigate matters decided in state court. Moreover, his petition was not filed with the purpose of paying creditors—which he has stated he can do without bankruptcy—but to thwart Santander's right to foreclose.[9] "Although case law is legion that filing a bankruptcy petition to forestall a foreclosure sale is a permissible use of bankruptcy, the case must be undertaken pursuant to a legitimate effort at reorganization." *In re Turner*, 207 B.R. 373, 376 (B.A.P. 2d Cir. 1997) (cleaned up).[10] But the Debtor is not pursuing reorganization by, for instance, proposing to assume and cure the mortgage on the property. Instead, he has fought Santander

---

[9] Additionally, the Debtor's pending objection to 3-2 would not cure his failure to conform his plan to the filed proofs of claim. *See* note 2 of this Memorandum.

[10] Further, the Debtor's schedules show that the Debtor is not an individual with regular income, a fact bolstered by the Debtor's admission at the December 21, 2023 hearing that he has not been employed since 2000. Besides making him ineligible to be a debtor under Chapter 13, this lack of income—notwithstanding his unsupported statement that others can pay his unsecured debts—makes the Plan utterly infeasible. *In re Felberman*, 196 B.R. 678, 686 (Bankr. S.D.N.Y. 1995) ("it is uniformly held that unsubstantiated expectations of financial contributions from family members or other third parties are not sufficient to meet the feasibility requirement for confirmation"). In short, the Debtor's stalling of the foreclosure process with a complete lack of ability or intention to reorganize is textbook abuse of the bankruptcy system. *Id.* at 681.

everywhere he can—all to no avail.[11] The Court thus finds that the Debtor has abused the Bankruptcy Code's provisions, purpose, and spirit in a way that is fundamentally unfair to his creditors and to Santander. The Court also finds that the Debtor has caused unreasonable delay that is prejudicial to creditors. Under the totally of the circumstances, it is apparent that the Debtor did not file the petition in good faith—a fatal flaw to not only confirmation of the Plan but any other that can be proposed. Cause therefore exists to dismiss this case.

The burden then shifts to the Debtor to prove his good faith. The Debtor initially stated in his response to the Order that it is impossible for him to respond to it, arguing that the Order "d[id] not specify any basis nor a single reason (claim) as to why this Court is alleging that [the Debtor's] Chapter 13 petition was filed in bad faith." The Court finds that the Debtor is well aware of the circumstances evidencing his bad faith, which have been raised in litigation in six different courts. The response he does give is unconvincing. Further, he has also been explicitly advised of these concerns in the Court's supplemental order regarding the Order (ECF No. 93), to which the Debtor filed no supplemental response.

After stating that no creditor filed an objection to the Plan and expressing his disagreement with the Objection, the Debtor spends much of the rest of his response complaining about the treatment of self-represented litigants.[12] His supplemental

---

[11] The nonstandard provision requiring that all other litigation involving the Debtor be fully and finally litigated is further evidence that the Debtor is not trying to reorganize.

[12] The Court is mindful of the Debtor's self-represented status. But "special solicitude for the difficulties that a *pro se* plaintiff must face does not extend to the wilful, obstinate refusal to play by the basic rules of the system upon whose very power the plaintiff is calling to vindicate his rights." *McDonald v. Head Crim. Ct. Supervisor Officer*, 117 F.R.D. 55, 58 (S.D.N.Y. 1987), *aff'd*, 850 F.2d 121 (2d Cir. 1988). The same is true in Connecticut state courts. *Burton v. Dep't of Envtl. Prot.*, 337

6

response offers no meaningful or credible support to his burden of proof or rebuttal of the concerns of this Court. None of what the Debtor has provided supports a finding of good faith. To the contrary, the record of bad faith is substantial. The Court will accordingly dismiss this Chapter 13 case. The Court further determines that the Debtor's bad faith warrants a two-year bar to refiling for any bankruptcy protection in this or any other district in order to bar and deter the proliferation of abusive, redundant, and wasteful litigation proceedings. *See In re Casse*, 219 B.R. 657, 662 (Bankr. E.D.N.Y. 1998); *see also* 11 U.S.C. §§ 105(a) and 349(a).

### III.   Conclusions

For the foregoing reasons, it is hereby ordered that:

(1) The Trustee's Objection is SUSTAINED;

(2) Confirmation of the Plan is DENIED with prejudice;

(3) This Chapter 13 case is dismissed for cause; and

(4) The Debtor is barred from refiling for any bankruptcy protection for a period of 2 years from the date hereof.

IT IS SO ORDERED at Hartford, Connecticut this 2nd day of February, 2024.



James J. Tancredi
United States Bankruptcy Judge
District of Connecticut

---

Conn. 781, 803–04, 256 A.3d 655, 669 (2021) ("although we allow self-represented litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law" (cleaned up)).